**WEBBER MCGILL LLC**
Douglas J. McGill, Esq.
100 E. Hanover Avenue, Suite 401
Cedar Knolls, New Jersey 07927
Tel: (973) 739-9559
dmcgill@webbermcgill.com
*Attorneys for Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>210 Springdale EO LLC,<br><br>Debtor-in-Possession. | Chapter 11<br><br>Case No. 24-15881 (VFP) |

**DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM**
**THE AUTOMATIC STAY**

210 Springdale EO LLC, the debtor and debtor-in-possession herein (the "**Debtor**"), by and through its counsel, Webber McGill LLC, by way of opposition to the Motion for Relief From the Automatic Stay (the "**Motion**") filed by HOF I Grantor Trust 5 ("**Movant**"), respectfully states:

Movant moves for relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code, asserting a lack of adequate protection of its interest in Debtor's real property located at 210 Springdale Avenue in East Orange, New Jersey. *See* 11 U.S.C. § 362(d))(1). Because "[a]dequate protection is designed to protect secured creditors against diminution in value of their collateral," *In re Energy Future Holdings Corp.*, 546 B.R. 566, 581 (Bankr. D.Del. 2016), "[a] creditor is entitled to adequate protection in chapter 11 only if the creditor's interest in the debtor's property is declining in value," *In re Batista-Sanechez*, 493 B.R. 521, 528 (Bankr. N.D.Ill. 2013) (citation omitted).

It is Movant's burden to show that its interest in collateral is declining in value. *See, e.g., In re M.D. Moody & Sons, Inc.*, 2010 WL 11719122 *8 (Bankr. M.D.Fla. 2010) ("Wachovia first must prove it has a valid interest in the Debtors' property, and the value of its Collateral is declining during the pendency of these Chapter 11 cases"); *Qmect, Inc. v. Burlingame Capital Partners II, L.P.*, 373 B.R. 682, 690 (N.D.Cal. 2007) (holding that, "[because] the purpose of adequate protection is to protect lenders from diminution in the value of their collateral, . . . the bankruptcy court did not err in requiring secured lenders from proving that their collateral had diminished in value"); *see also In re Residential Capital, LLC*, 501 B.R. 549, 590 (Bankr. S.D.N.Y. 2013). Movant has not offered any proof that the value of its collateral is declining, and its Motion should be denied on that basis alone.

Notwithstanding the foregoing, "[a]dequate protection may . . . be provided by . . . a viable plan of reorganization which meets the debtor's statutory obligations to the secured creditor." *In re American Sweeteners, Inc.*, 1999 WL 1068446 *2 (Bankr. E.D.Pa. 1999) (citations omitted). The Debtor has filed a plan of reorganization [Docket No. 21], which calls for cure of arrearages owed to Movant on the Effective Date, and reinstatement of its mortgage obligations to Movant. This provides adequate protection to Movant.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court deny Movant's Motion, and grant such other and further relief as the Court deems just and proper.

> **WEBBER MCGILL, LLC**
> *Attorneys for Debtor*
>
> By: */s/ Douglas J. McGill*
>     Douglas J. McGill

Dated: September 10, 2024
    Cedar Knolls, New Jersey